USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/09/2017

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------ X
UNITED STATES OF AMERICA,

-against-

No. 01 Cr. 257 (JFK)
**MEMORANDUM OPINION
& ORDER**

HERBERT ALBERTO CRUZ-RUIZ
a/k/a GINO BRUNETTI,

Defendant.
------------------------------ X

**JOHN F. KEENAN**, United States District Judge:

On August 11, 2003, Herbert Alberto Cruz-Ruiz was sentenced principally to a term of imprisonment of life following his plea of guilty to charges related to conspiracy to distribute cocaine (Count One), distribution and possession with intent to distribute cocaine (Count Two), and conspiracy to import cocaine (Count Three). At the time of sentencing, Cruz-Ruiz's sentencing range under the U.S. Sentencing Guidelines Manual (the "Guidelines") was determined to be 360 months to life imprisonment, based on a Total Offense Level of 40 and a Criminal History Category of VI. Significantly, Cruz-Ruiz was sentenced to life imprisonment on both Count One and Count Two pursuant to the mandatory enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(A).

On April 1, 2015, Cruz-Ruiz filed a pro se motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2),

based on a retroactive amendment to the Guidelines reducing certain penalties for drug offenses.  Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782 to the Guidelines, which lowered by two levels the base offense levels for certain offenses involving drugs.  The Sentencing Commission also adopted an amendment to § 1B1.10 of the Guidelines authorizing, effective November 1, 2014, retroactive application of the amendment to the drug guidelines.

A district court considering a motion for a sentence modification under § 3582(c)(2) follows a two-step inquiry.  First, a court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon v. United States, 560 U.S. 817, 827 (2010).  A reduction is not authorized under § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range[.]" U.S.S.G. § 1B1.10(a)(2).  Such a circumstance may occur when a defendant's original sentence involved "the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 App. Note 1(A).

If a court determines that a defendant is eligible for a sentence modification at the first step of the inquiry, then "[a]t step two of the inquiry, § 3582(c)(2) instructs a court to

2

consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

Having considered the record in this case, the Court finds that Cruz-Ruiz is not eligible for a reduction in his sentence. As noted above, at the time of initial sentencing, Cruz-Ruiz was subject to mandatory enhanced sentencing provisions as a result of his multiple prior felony convictions for drug offenses. Under 21 U.S.C. § 841(b)(1)(A):

> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment[.]

Thus, in light of Cruz-Ruiz's criminal history and pursuant to § 841(b)(1)(A), the Court was and remains mandated by law to impose a sentence of life imprisonment. "Where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant." United States v. Paulino, 02 Cr. 437-1 (RWS), 2017 WL 2445873, at *2 (S.D.N.Y. June 6, 2017) (collecting cases). Given that Cruz-Ruiz was subject to a mandatory sentence of life imprisonment under § 841(b)(1)(A), the passage of Amendment 782 to the

3

Guidelines is not relevant to modification of his sentence and Cruz-Ruiz is ineligible for a sentencing reduction under § 3582(c)(2).

Accordingly, Cruz-Ruiz's motion to modify his sentence is DENIED.

**SO ORDERED.**

Dated:   New York, New York
        August 8, 2017

/s/ John F. Keenan
John F. Keenan
United States District Judge